UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO. 4:22CV-00018-JHM

BRIEN SHELTON TRUCKING, LLC                                               PLAINTIFF

V.

UNITED FINANCIAL CASUALTY COMPANY                           DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on a motion by Defendant United Financial Casualty Company for Summary Judgment. [DN 10]. This matter is ripe for decision.

## I. BACKGROUND

On December 28, 2019, a 2017 Kenworth T800 dump truck owned by Plaintiff Brien Shelton Trucking ("Shelton Trucking") entered a ditch on US 62 west of Greenville, Kentucky, struck an embankment, and overturned. Defendant United Financial Casualty Company ("United") insured the dump truck for a stated amount of $150,000. [DN 10-2]. The policy provides that United is obligated to pay "the amount necessary to repair the damaged property to its pre-loss physical condition, . . . or the applicable Stated Amount of the property shown on the declarations page." [*Id.* at 25]. The dump truck incurred substantial damage in the accident. [DN 1-2]. All the repairs necessary to place the dump truck back to its pre-loss condition totaled nearly $75,000 which United paid. [*Id.*].

On December 27, 2021, Shelton Trucking filed a complaint against United in Muhlenberg Circuit Court alleging a violation of Kentucky's Unfair Claims Settlement Practices Act, KRS 304.12-230, for failing to "effectuate a prompt, fair and equitable settlement of the claim within a reasonable time after proof of loss statements had been completed." [DN 1-2 at ¶ 8]. Specifically,

Shelton Trucking alleges that it was without a truck from December 28, 2019, until September 18, 2020, resulting in a loss of profit in the amount of $143,550. [*Id.* at ¶¶ 7, 16]. On January 28, 2022, United removed this action to this Court on the basis of diversity jurisdiction, 28 U.S.C. § 1332(a)(1). United now files this motion for summary judgment. [DN 10]. Shelton Trucking failed to respond.

## II. STANDARD OF REVIEW

Before the Court may grant a motion for summary judgment, it must find that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of specifying the basis for its motion and identifying that portion of the record that demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).

Although the Court must review the evidence in the light most favorable to the non-moving party, the non-moving party must do more than merely show that there is some "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the Federal Rules of Civil Procedure require the non-moving party to present specific facts showing that a genuine factual issue exists by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute[.]" Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 252.

2

### III. DISCUSSION

**A. Failure to Respond**

Shelton Trucking failed to respond to the motion for summary judgment. In accordance with Federal Rule of Civil Procedure 56(e), "a party who elects not to respond to a motion for summary judgment risks having judgment entered against them if the court finds it appropriate to do so." *Odom v. Pheral*, 5:12-CV-00073, 2015 WL 474318, at *4 (W.D. Ky. Feb. 4, 2015). "Even so, a district court may not grant summary judgment solely because the non-moving party has failed to [ ] respond to the motion within the applicable time limit." *Id.* "'[T]he Federal Rules of Civil Procedure still require the moving party to demonstrate the absence of a disputed question of material fact and a ground that would entitle the moving party to judgment as a matter of law.'" *Id.* (quoting *Miller v. Shore Financial Services, Inc.*, 141 F. App'x 417, 419 (6th Cir. 2005)); s*ee also Smallwood v. United States*, 10-260-GFVT, 2015 WL 770363, at *2 (E.D. Ky. Feb. 23, 2015).

However, "[i]t is standard practice that, where a non-moving party fails to respond to a moving party's motion, 'the Court may accept the truth of [the movant's] factual allegations, and determine whether [the movant is] entitled to summary judgment' on the basis of those accepted facts." *Bailey v. Ingram*, 5:14-CV-279-CHB, 2018 WL 6112972, *2 (E.D. Ky. July 26, 2018) (quoting *Sheils v. Jordan*, 841 F. Supp. 2d 727, 729 (S.D.N.Y. 2012)). "In this context, 'the trial court no longer has a duty to search the entire record to establish that it is bereft of a genuine issue of material fact.'" *Bailey*, 2018 WL 6112972, *2 (quoting *Byrd v. Brandeburg*, 922 F. Supp. 60, 62 (N.D. Ohio 1996)). That being the law, the Court accepts as true United's factual allegations. It is only left to determine whether United is entitled to summary judgment on the basis of those facts.

### B. Bad Faith

Shelton Trucking asserts a single bad-faith claim under Kentucky's Unfair Claims Settlement Practices Act, KRS § 304.12-230. "The Act prohibits insurance companies from engaging in unfair claim-settlement practices, including unreasonable investigation, settlement, and explanation for the denial of claims." *Moore v. Cincinnati Cas. Co.*, No. 5:21-CV-107-BJB, 2022 WL 3570355, at *2 (W.D. Ky. Aug. 18, 2022). Under Kentucky law, an insured must prove the following three elements to succeed on a claim for bad faith: "(1) the insurer must be obligated to pay the claim under the terms of the policy; (2) the insurer must lack a reasonable basis in law or fact for denying the claim; and (3) it must be shown that the insurer either knew there was no reasonable basis for denying the claim or acted with reckless disregard for whether such a basis existed." *Wittmer v. Jones*, 864 S.W.2d 885, 890 (Ky. 1993); *Kentucky Nat'l Ins. Co. v. Shaffer*, 155 S.W.3d 738, 741–42 (Ky. App. 2004). Because "[a] bad faith claim under Kentucky law is, essentially, a punitive action," *Hollaway v. Direct Gen. Ins. Co. of Miss., Inc.*, 497 S.W.3d 733, 739 (Ky. 2016), the third element requires "evidence of 'intentional misconduct or reckless disregard of the rights of an insured or a claimant' by the insurance company." *Wells v. GEICO Gen. Ins. Co.*, No. CV 5:19-500-DCR, 2021 WL 3131316, at *13 (E.D. Ky. July 23, 2021) (quoting *Phelps v. State Farm Mut. Auto. Ins. Co.*, 736 F.3d 697, 703 (6th Cir. 2012)).

Here, it is undisputed that United accepted all damage claims necessary to return the dump truck to its pre-loss condition. The record reflects that United's initial repair estimate made on January 24, 2020, was $12,408 based on "damage visible" prior to the disassembly of the dump truck. This initial estimate included no release of any claim and no request for claim finality. [DN 10-3]. Disassembly of the dump truck was necessary for vendors to begin repairs and identify additional damage otherwise not visible. [*Id.*]. Thus, the extent of the damage caused by the

accident was unknown when the original estimate was created. During the repair and disassembly process, additional damages to the dump truck were discovered. In fact, additional damages were uncovered on ten (10) different occasions during the process. [*Id.*]. On each occasion, United prepared supplements to the original estimate and accepted the cost of the additional repairs. [*Id.*] No repair requested by Shelton Trucking was denied.

To the extent Shelton Trucking alleges bad faith on the part of United because the repair of the dump truck took "160 days" too long [DN 1-2], it offers no evidence that any delay was tied to the settlement conduct by United. Furthermore, "mere delay in settlement does not rise to bad-faith conduct." *Mosley v. Arch Specialty Ins. Co.*, 626 S.W.3d 579, 588 (Ky. 2021) (citing *Zurich Ins. Co. v. Mitchell*, 712 S.W.2d 340, 341 (Ky. 1986)). Instead, Shelton Trucking would have to come forward with "evidence supporting a reasonable inference that the purpose of the delay was to extort a more favorable settlement or to deceive the insured." *Motorists Mut. Ins. Co. v. Glass*, 996 S.W.2d 437, 452–453 (Ky. 1997), as modified (Feb. 18, 1999), and holding modified by *Hollaway v. Direct Gen. Ins. Co. of Mississippi, Inc.*, 497 S.W.3d 733 (Ky. 2016). Shelton Trucking does not point to specific conduct by United that caused delay of payment to repair vendors, or "specific evidence that supports that the purpose of the purported delay was bad faith." *Faith v. Great W. Cas. Co.*, No. 3:20-CV-458-RGJ, 2022 WL 36923, at *4 (W.D. Ky. Jan. 4, 2022).

For these reasons, the Court finds that Shelton Trucking did not create a genuine dispute of material fact as to whether United acted in bad faith and, as a result, summary judgment in favor of United is appropriate.

## IV. Conclusion

For the reasons set forth above, **IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment [DN 10] is **GRANTED**. A judgment will be entered consistent with this opinion.

*Joseph H. McKinley Jr., Senior Judge*
*United States District Court*

March 30, 2023

cc: counsel of record